UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:24-cr-538-SDM-SPF

ANTHONY SANDERS
  a/k/a "Slanga"

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28

U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), to enter an

order of forfeiture against the defendant in the amount of $12,825, which represents

the amount of proceeds that the defendant obtained as a result of the wire fraud

offense to which he has pleaded guilty. In support the United States submits the

following.

**MEMORANDUM OF LAW**

I.     **Statement of Facts**

       A.     **Allegations Against the Defendant**

       1.     The defendant was charged in an Indictment with conspiracy to commit

wire fraud, in violation of 18 U.S.C. § 1349. Doc. 1.

       2.     The Indictment contained forfeiture allegations putting the defendant

on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the

United States would seek an order of forfeiture in the amount of approximately

$12,825, representing the proceeds obtained from the offense. *Id.* at 2.

B.    **Finding of Guilt and Admissions of Fact**

3.    On July 22, 2025, without the benefit of a plea agreement, the

defendant pleaded guilty to Count One of the Indictment. Docs. 44 and 47. The

Court accepted the defendant's plea and adjudicated him guilty. Doc. 49.

4.    The defendant's plea to the charge, and the United States' Amended

Notice of Maximum Penalties, Elements of Offense, Personalization of Elements,

and Factual Basis (Doc. 43), established that January 12, 2024, a scammer called

Victim 1, falsely and fraudulently represented himself as a deputy with the Sarasota

County Sheriff's Office, and informed Victim 1 that a warrant was out for her arrest

because she missed jury duty. Doc. 43 at. 2. The scammer told Victim 1 that she

needed to pay a fine to avoid immediate arrest. *Id.* At the scammer's direction,

Victim 1 withdrew $12,825 from her bank account and went to a Coinstar ATM

kiosk located in Sarasota County, Florida. *Id.* Victim 1 completed a total of three

deposits to three separate Coinme accounts. *Id.* at 3. Each transaction required the

use of interstate wire communications. *Id.* After Victim 1 completed all three

deposits, her funds were quickly transferred into a different cryptocurrency account

(the Coinbase Account) that belonged to co-defendant Marlita Andrews. *Id.* at 3.

Andrews created this account for the defendant and, at his direction, assisted him

with moving funds in and out of the account. *Id.* at 4. Both Andrews and the

defendant had access to the Coinbase Account and could transfer money in and out

of it. *Id.* When Victim 1's fund went into the Coinbase Account, the funds were quickly transferred to several CashApp accounts and other unknown accounts.

## II.    Applicable Law

### A.    Forfeiture Statute

The Court's authority to order civil forfeiture of property for a violation of 18 U.S.C. § 1349 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343 (or conspiracies to commit section 1343, in violation of 18 U.S.C. § 1349). Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

### B.    Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his wire fraud, the United States seeks an order of forfeiture against the defendant in the amount of proceeds obtained by him from the offense. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in

his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the Court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As detailed in the United States' Amended Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis (Doc. 43), which was established at the defendant's change of plea hearing, the defendant obtained and controlled $12,825 in proceeds as part of the wire fraud conspiracy. If the Court finds that the defendant obtained at least $12,825 as a result of his wire fraud conspiracy and the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

## III.    Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $12,825, for which he will held liable.

The United States further requests that, because the $12,825 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset,

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $12,825.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:    *s/Suzanne C. Nebesky*
     SUZANNE C. NEBESKY
     Assistant United States Attorney
     Fla. Bar No. 59377
     400 N. Tampa Street, Suite 3200
     Tampa, Florida 33602
     Tel:    (813) 274 6000
     E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Suzanne C. Nebesky*

SUZANNE C. NEBESKY
Assistant United States Attorney
